UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Number: 14-3840

Case Name: Ronald James Baker v. Jerome Walsh, Superintendant, et al.

INFORMAL BRIEF

DIRECTIONS: *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

1. **Jurisdiction:** What order(s) of the district court or agency are you appealing?
District Court's Memorandum Order granting a Certificate of Appealability following this Court's Order to grant or deny a COA.

What is the date of the order(s)? September _____, 2015. See Exhibit F.

When did you file your notice of appeal or petition for review? September 1, 2014, after Court adopted the Magistrate/Judge recommendation to dismiss the §2254 as time-barred on August 06, 2014.

2. **Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case).

Having no legal skills, 15 years after sentencing (1997) a coprisoner filed a 2254 writ (2013) on his behalf that his two 2½ to 10 year consecutive sentences for violating 75 Pa. CSA §3735.1 (An offense requiring a DUI conviction that triggered an accident causing serious bodily injury to the occupants of an auto he collided with.)

That conviction was obtained by fraud because he was never convicted/sentenced to the most essential element of that offense, i.e. a DUI conviction. His plea, sentence, appeal attorney was a party to the fraud. The M/J recommended the writ be dismissed because Petitioner failed to exhaust his State PCRA remedies, and timely 2254 remedy. The Court below initially adopted the M/J's report then issued a COA following this Court's ORDER to either grant or deny a COA.

3.  **Statement of facts: Explain the facts and events that led to the complaint in the district court or the action before the agency;**

1) On September 29, 1996, while traveling on Liberty Corners Road, Bradford County, Pa. while attempting to pass to cars he struck an oncomming cars causing serious bodily injury to woman and child in the oncomming car. Petitioner, the woman and child were rushed to the Towanda Memorial Hospital. Police called the hospital in advance to obtain a blood sample from Petitioner for DUI test upon arrivel, which was accomplished as it was obvious the injured were in need of emergency room operations.

2) The woman and child were under the Hospital and a Doctors care for months on end. Petitioner incurred: Multiple fractures of both legs; broken hip-needed replaced; pierced liver and lower bowels; cracked ribs; head trauma; removal of 5 feet intestines, and the list goes on and on.

3) On July 30, 1997, Petitioner in a wheelchair heavily medicated appeared in Court and plea guilty to the following charges as agreed to:[1]

   a) Two Counts: Accident involving death or injury by unlicensed driver;
   b) Two Count of Aggravated Assault by Motor Vehicle while DUI causing serious bodily injury to others;[2]
   c) One Count of Driving while DUI;
   d) One Count Driving while Operating Privilege suspended;
   e) Two Counts of reckless driving endangering another person.

4) The Court deferred "acceptance of the plea until time of sentencing. <u>See Exhibit A.</u>

5) On August 18, 1997, Petitioner was sentenced as follows:

   a) Two consecutive 2½ to 10 years for aggravated assault accident while DUI causing serious bodily injury to others; 75 CSA §3735.1;
   b) Two consecutive 15 to 30 months terms consecutive to the sentence above for causing accident involving death or injury to others by unlicensed driver. 75 CSA §3742.1. (<u>See Exhibit B</u>)

---

1. Petitioner's father retained counsel to represent his son. Fees were paid in advance. When advised by the DA Petitioner must pled to violating §3735.1, counsel objected. Counsel withdrew and a Public Defender was appointed.

2. At no time during the plea was Petitioner privy to the result of the blood-alcohol test result taken by the hospital on September 29, 1996. Whether the PD appointed the preceeding day was made privy to the report is unknown.

The factual key that gave rise to the 2254 writ and resolution to this cause lies in <u>Exhibit B</u>. The sentencing Court never accepted Petitioner's plea to the DUI charges and ORDERED that:

> "No further sentences are imposed for the other charges that the defendant pled guilty to as they merge for sentencing purposes with one or more of the foregoing charges. The Court hereby grants the Commonwealth's motion and dismisses any remaining charges filed against the Defendant in this matter." (<u>See page 2, Exhibit B</u>).

6) Counsel's appeal that "the sentence is excessive and inflicts overly severe punishment" was denied <u>Com. v. Baker</u>, 906 Harrisburg 1997 (Superior 1998).

7) In mid 2013, a prisoner [paralegal] filed a §2254 writ in behalf of Petitioner contending that:

a)  Absent a guilty verdict or acceptance of a guilty plea and sentence to the DUI charges, the Court lacked subject matter sentencing power to sentence Petitioner to the two 2½ to 10 year consecutive terms because a DUI conviction is an essential element of that offense. (<u>See Exhibit C</u>, a copy of §3735.1)

The 2254 pleadings cited these authorities in support of that argument. <u>Com. v. Johnson</u>, 545 A.2d 349, 351 (Superior 1988); <u>Com. v. Nicotra</u>, 625 A.2d 1259 (Superior 1989); <u>Com. v. Sullivan</u>, 864 A.2d 1246 (Superior 2004); <u>Com. v. Miller</u>, 810 A.2d 178 (Superior 2002).

b)  Subject matter jurisdiction can never be waived, <u>Com. v. Little</u>, 314 A.2d 270 (Pa. 1974) respondent's time bar defenses <u>must be rejected</u>.

c)  The failure to prove/convict Petitioner of all the elements of a §3742.1 offense means his conviction is a miscarriage of justice which excuses any procedural defaults, <u>Schulp v. Delo</u>, 513 U.S. 298 (1995), and/or he is actually innocent of that offense <u>Jackson v. Virgina</u>, 443 U.S. 307 (1979), <u>In Re Winship</u>, 397 U.S. 358 (    ).

d)  Whether intended to or not, now 17 years into that 20 year sentence a <u>FRAUD</u> was imposed upon Petitioner. The statute of limitations begins on the date the fraud was discovered, <u>Rothman v. Fillette</u>, 469 A.2d 543, 546 (Pa. 1983)

e)  Counsel was ineffective for failing to raise the defense noted in argument (a) above on direct appeal.

f)  In a wheelchair, heavily medicated, legs/hips in casts, ignorant of the law with new counsel who rendered no advice the plea was not voluntarily, knowingly nor intelligentlt made <u>Johnson v. Zberst</u>, 304 U.S. 458 (1938 ). <u>See Exhibit D</u> Petitioner's Reply Brief combining the issues in the Complaint with the reply.

8) Respondent filed a 2 page answer alleging that: (a) the §2254 writ is time barred because (b) No PCRA was filed; (c) the claim of an illegal sentence to §3735.1 "is without merit and factually incorrect" and "a plea of guilty is a conviction." (See Exhibit E). A copy of the Hospital blood/alcohol test result was <u>not provided</u>.

9) The respected Magistrate/Judge's Report & Recommendation never repeat <u>never</u> addressed the issues/arguments outlined in Statement (7) above nor the merits of Petitioner's claims, citations of authorities arguments in the Reply Brief. After much ballyhoo contended the writ be dismissed for failure to exhaust Petitioner's State PCRA remedies, the §2254 writ was untimely filed and equitable tolling is not applicable.

10) The lower court adopted the M/J's Report & Recommendation and dismissed the writ. Petitioner filed and appeal. This Court then ordered the lower Court to address the issue of whether a COA should issue.

The lower Court then issued a COA on these issues:

a) Whether "the Respondent withheld exculpatory or material impeachment evidence;"

b) "If the claim is denied on procedural grounds (As occasioned here) Petitioner must show denial of a constitutional right;"

c) Whether the District Court was correct in dismissing the writ on procedural grounds.
(See Exhibit F)

(4) **Statement of Related Cases.** None.

**Do you have any related cases pending in the Appellate Court.** No

(5) **Did the District Court incorrectly decide the facts in your case.** No but see fn. 3

---

3. After sentencing Petitioner was transferred to Camp Hill, taken out-of the wheelchair given crutches to move about. Crutches enable a party to pivot two steps at a time, but to continue he must rest on his feet to pivot for another two steps. Traveling 60 yards a day to and from the dinning hall he casts would break needing recasting. Remember he left the Courtroom a 135 lb. weakling. By the time his appeal was denied (9-1998) and the one year to file a PCRA (9-1999) he was still in crutches in Camp Hill., still on crutchs getting recasting.
The State caused the PCRA procedural default removing him from a wheelchair.

6. Did the district court or the agency apply the wrong law (either cases or statutes)? **Yes**
If so, what law do you want applied?

The District Court and Petitioner agree that to sustain a conviction/sentence for violating 75 Pa. CSA §3735.1 an essential element of that offense is the defendant must be convicted of a DUI offense. See District Court's opinion p. 2 Exhibit G, not disputing a DUI conviction is an essential element of that offense.

The District Court held Petitioner's writ proving he was never convicted of the underlying DUI offense filed 17 years later contravenes the statute failure to exercise due diligence, and therefore not entitled to equitable tolling.

The question for this Court is 3 fold: (a) Is the failure of a soverign to convict a defendant of every element of an offense a constitutional wrong and (b) does that injustice supercede the defendant's failure to exercise due diligence, (c) when the defendant's counsel and the prosecutor participate in a joint fraud to convict/sentence the defendant absent a DUI conviction, when does an action to address that fraud commence?

Petitioner contends these principles of law apply and his two 2½ to 10 year consecutive sentences must be set aside with prejudice:

a) The sovergin's failure to convict an accused of every element of an offense is a due process violation. See <u>In Re Winship</u>, 397 U.S. 358 ( ), <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).

b) When the sovergin fails as here to convict a defendant of every element of that offense, and unjustly sentences the defendant for two counts of that offense, the defendant is serving an illegal sentence. In that case, the rule to attack those injustices begins when the defendant discovers he is serving illegal sentences because a defendant cannot waive an illegal sentence, <u>Wall v. Kholl</u>, 131 S. Ct. 1278 (2010), <u>Com. v. Foster</u>, 17 A.2d 322 (Pa. 2009).

c) When the sovergin state and defense counsel [conspire] to accomplish the illegal sentences that constitutes a fraud upon defendant's 5th and 6th Amendment rights, and constitutes a miscarriage of justice, which supercedes procedural defaults, <u>Schulp v. Delo</u>, 513 U.S. 298 (1995).

d) Petitioner was ineffectively represented by plea, sentencing, appeal Counsel.

e) Absent a DUI conviction the State lacked subject matter sentencing power to convict Petitioner of the §3735.1 charges.

  d) When the State withholds the results of a DUI tests at the plea, sentencing, and proceeds on the basis defendant was DUI guilty, was

f) When the State withholds the results of a DUI (Knowing that result is a critical element of crimes charged) at the plea, sentencing, and on demand on §2254 review, was the defendant's rights under the <u>Brady rule</u> violates; and with the defendant being heavily medicated, was the plea voluntarily, knowingly and intelligently made as demanded under <u>McCarthy v. U.S.</u>, 349 U.S. 459 (1969) and <u>Bousley v. U.S.</u>, 523 U.S. 614 (1998)?

7) Are there any other reasons why the district court's judgment [ ] was wrong? If so, briefy state these reasons.

  a) The AEDPA was enacted in violation of the U.S. Constitution.

  b) The statute that a prisoner must exercise due diligence in presenting an untimely writ is unconstitutional.

  c) The statute that a prisoner must obtain a COA in order to appeal an unfavorable 2254 order is unconstitutional.

These will be addressed if relief is otherwise denied.

8) What action do you want the Court of Appeal to take in this case? [4.]

Vacate the two 2½ to 10 year consecutive sentences for allegedly violating §3735.1 with prejudice. Any other relief this Honorable Court deems appropriate.

            Respectfully submitted.

            */s/ Ronald J Baker*
            Ronald James Baker

---

4. Your Appellant empathizes he has no legal skills whatsoever. In his 17 years of past incarceration the ability to comprehend legal principles of law, and apply them to his cause escapes him. He was a somewhat ruffian in that life which now no longer exists.

  Another prisoner prepared this appeal for him. That prisoner has a cataract in his left (sight in that eye is a blurr) which the DOC refuses to remedy. Thus this brief will have typos and most likely a missing word at times regardiung the logic of that sentence. Thank you for those considerations.

## PROOF OF SERVICE

I certify that on 3-22-15 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Marcia M. Waldron, Clerk
United States Court of Appeal
21400 United States Courthouse
601 Market Street
Philadelphia, Pa.  19106-1790

District Attorney's Offices
Bradford County Courthouse
301 Main Street
Towanda, Pa. 18848

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 3-22-15 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

*Ronald T Bahr*
Signature

Dated: 3-22-15

*Rev. 09/05*