IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 14-3840

---

RONALD JAMES BAKER,
Appellant

v.

SUPERINTENDENT, DALLAS SCI, *et al.*
Appellees

---

Appeal from an order entered in the
United States District Court for the Middle District of Pennsylvania
at Civil No. 3-13-cv-652 denying appellant's
petition for a writ of habeas corpus

---

BRIEF FOR APPELLANT

---

1600 Barton Springs Road             Kenneth M. Weidaw III, Esq.
Austin, Texas 78704                  Attorney for Appellant
                                     Ronald James Baker

# Table of Contents

Table of Authorities............................................ i - ii

Statement of Jurisdiction....................................1

Statement of the Issue..................................... 1-2

Statement of the Case...................................... 3

Statement of the Facts......................................4-11

Statement of Related Cases and Proceedings.........11

Summary of Argument........................................12

Argument...........................................................13-20

Conclusion.........................................................21-22

Certificate of Bar Membership..............................23

Certificate of Word Count...................................23

Certificate of Identical Compliance of Briefs............24

Certificate of Virus Check...................................24

Certificate of Service..........................................25

## Table of Authorities

**Cases:**

*Ahmad v. Redman,* 782 F.2d 409 (3rd Cir. 1986)................3

*Hassine v. Zimmerman,* 160 F.3d 941 (3rd Cir. 1998)..........2

*Holland v. Florida,* 560 U.S. 631 (2010)............................15-16

*Johnson v. Rosemeyer,* 117 F.3d 104 (3rd Cir. 1997)...........2

*Kyles v. Whitley,* 514 U.S. 419 (1995)................................17

*Lonchar v. Thomas,* 517 U.S. 314 (1996)............................16

*McQuiggin v. Perkins,* 569 U.S. __, 133 S. Ct. 1924 (2013)...17-18

*Pace v. DiGuglielmo,* 544 U.S. 408 (2005)............................15

*Youngblood v. West Virginia,* 547 U.S. 867 (2006)................16-17

**Statutes:**

28 U.S.C. §§1291 and 2253...........................................1

28 U.S.C. §2244(d)(1)..................................................14-15

28 U.S.C. §2254..........................................................2, 9

Statement of Jurisdiction

This appeal is from an order dismissing appellant's petition for a writ of habeas corpus by the United States District Court for the Middle District of Pennsylvania, at Civil No. 3-13-cv-652.

Appellate jurisdiction is conferred upon the United States Court of Appeals for the Third Circuit by 28 U.S.C. §§1291 and 2253.

Statement of the Issue

WHETHER THE APPELLANT (1) EXERCISED REASONABLE DILIGENCE IN DISCOVERING THE FAVORABLE BLOOD-ALCOHOL CONTENT REPORT BEFORE THE ONE-YEAR LIMITATION PERIOD TOLLED AND (2) WHETHER EXTRAORDINARY CIRCUMSTANCES

-1-

STOOD IN THE APPELLANT'S WAY IN TIMELY FILING THE

PETITION FOR A WRIT OF HABEAS CORPUS.

**Preservation and ruling on this Issue:**

Appellant filed a petition for a writ of habeas corpus, pursuant

to 28 U.S.C. §2254, on March 12, 2013, in the United States

District Court for the Middle District of Pennsylvania.

On August 6, 2014, the district court dismissed the petition.

The district court on September 24, 2014, issued a certificate of

appealability.

**Standard of Review:**

When the district court relies entirely on the state court record

and did not hold an evidentiary hearing, the court of appeals review

is plenary.  See, *Johnson v. Rosemeyer,* 117 F.3d 104, 109 (3rd Cir.

1997) and *Hassine v. Zimmerman,* 160 F.3d 94 (3rd Cir. 1998).

Acting in the same capacity as the district court, the court of

appeals will presume that the factual findings of the state court are

correct if fairly supported by the record, but the court of appeals

will exercise plenary review over state court conclusions on mixed

questions of law and fact and pure issues of law.  See, *Ahmad v.*

*Redman,* 782 F.2d 409 (3rd Cir. 1986).

<u>Statement of the Case</u>

Baker filed a petition for a writ of habeas corpus on March 12,

2013, with the United States District Court for the Middle District of

Pennsylvania.  The district court examined the petition and found

the appellant's claims were time barred and not subject to equitable

tolling.

Baker filed a timely Notice of Appeal on September 4, 2014.

On September 24, 2014, the district court issued a certificate

of appealability with respect to Baker's claim that he was not time

barred but entitled to equitable tolling because he did not know the

prosecution had withheld favorable blood-alcohol content results

until shortly before filing the petition on March 12, 2013, and that he had otherwise exercised due diligence prior to the original limitations tolling date of April 24, 1999.

## Statement of the Facts

On September 29, 1996, Ronald James Baker, while driving his car in Bradford County, Pennsylvania, was involved in a head-on car collision in which he and two of the three passengers in the other motor vehicle were badly injured. (App. II 69)  It was determined that Baker was driving in the left lane and was at fault for causing the collision.  Baker stated that while at the accident scene the Memorial Hospital emergency medical personnel drew blood from him for a blood-alcohol content test that was administered "minutes after the accident" and that the result was "negative." (App. I 5, 11)  Baker and the two injured passengers in

the other vehicle were taken to the Bradford Memorial Hospital for medical attention.

After arriving at the hospital, blood was collected from Baker at 18:20.  The toxicology results revealed an ethanol level of 125.46.  (App. II 85)

As a result of the collision, Baker was charged in a 33 count information with various criminal offenses.  Among the 33 counts, he was charged with driving under the influence of alcohol.  Count 5 charged that as a result of the blood-alcohol content test taken at the hospital, with a reading of .125, it was a violation of Pennsylvania law.  (App. II 47)

On an unknown date, a preliminary hearing was conducted.  Baker was bound over to the Bradford County Court of Common Pleas.  The testimony at the preliminary hearing was transcribed by a court reporter, later filed with the court clerk, but was misplaced and is no longer available for review.

On January 9, 1997, Baker appeared with counsel for arraignment and entered a plea of not guilty.  (App. II 26)

Defense counsel filed an Omnibus Pre-Trial Motion and supporting brief on February 18, 1997, seeking, among others, to suppress the blood-alcohol content report showing the .125 BAC. (App. II 27, 53-54, 58-60)  There was no reference to the drawing of blood at the accident scene.  Significantly, the motion also requested a copy of any scientific test, expert opinions and written or recorded reports prepared by an expert.  (App. II 53)  The trial court never entertained the motion.

Shortly after the filing of the motion, defense counsel withdrew his appearance, which was granted by the court on April 30, 1997. New counsel was appointed to represent Baker on May 12, 1997. Although counsel filed a supplemental Omnibus Pre-Trial Motion on June 27, 1997, it too was not heard by the trial court due to Baker entering a guilty plea three days later.

Baker entered a guilty plea on June 30, 1997 to eight of the 33 counts in the Information.  (App. II 62)

A review of the record reveals no preliminary hearing nor plea hearing transcripts.  The preliminary hearing stenographer's notes, although filed with the court on May 25, 1997 (App. II 29), were later noted as "missing;" and the plea hearing transcript appears not to have been transcribed or the stenographer's notes or tape was lost, according to the Bradford County Court Administrator.

On August 18, 1997, Baker was sentenced.  Prior to imposing sentence, the District Attorney advised the trial judge that the blood-alcohol content (BAC) report showed .125 and that the court should be aware Baker had received a blood transfusion before the test was administered which he concluded had diluted the BAC results.  (App. II 69)  Baker was sentenced on each of the counts to which he pled guilty.  The sentences, running consecutively, totaled a minimum of seven and one-half years to twenty-five years;

restitution was imposed in the sum of $102,676.57, plus interest and costs. The sentencing transcript made no reference to the existence of blood being withdrawn or transfused at the accident scene. The only reference to blood collection and testing was that which occurred at 18:20 when blood was collected from him - after being admitted to the hospital.

Baker filed a Notice of Appeal on August 16, 1997. (App. II 30, 88) The Pennsylvania Superior Court affirmed the judgment of the Court of Common Pleas on March 25, 1998. (App. II 31) No Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court and no Post Conviction Relief Act petition was filed by Baker. The judgment of the Superior Court was entered on March 25, 1998 and became final on April 24, 1998. The one-year limitation period for the filing of a Petition for Writ of Habeas Corpus expired on April 24, 1999.

On March 12, 2013, Baker filed a Petition for Writ of Habeas

Corpus but was required to elect to proceed under either §2254 or §2244.  (App. II 37)  On April 17, 2013, Baker elected to proceed under §2254 by virtue of filing the Amended Petition for Writ of Habeas Corpus.  (App. II 37)

One of the arguments raised by Baker in the original and amended petitions that was considered by the district court in his Memorandum Order of August 16, 2014, related to the blood collected shortly after the accident at the scene.  According to the court's order, quoting from the Petition, Baker stated that "[o]bviously the blood-alcohol tests by the Bradford Memorial staff taken minutes after the accident were negative regarding a DUI offense."  (App. I 16)  He then stated he was "never privy to that test result" and he first learned of the test in February, 2013, from a prison paralegal.  (App. I 14)  However, no documents in the court record reveals how he learned about the first blood test; the matter had not been previously raised for the court's consideration.  The

district court concluded that Baker failed to present any evidence to support his claim, adopted the report and recommendation of Magistrate Judge Schwab and dismissed the Petition.  (App. I 16-17)

A Notice of Appeal was filed by Baker on September 4, 2014. (App. II 39)  On September 19, 2014, the United States Court of Appeals for the Third Circuit issued an order remanding the appeal to the district court to issue either a certificate of appealability or a statement of reasons why one should not issue.  (App. II 43)  In its Memorandum Order of September 24, 2014, the district court held that "...a reasonable jurist could find it debatable whether I was correct in my procedural ruling."  The district court stated that a certificate of appealability "...is appropriate in the present action." (App. II 21)

In support of the district court's decision to issue the certificate of appealability, the court stated:  "However, Petitioner Baker has established that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right.  If the claim upon which Baker's petition is true, that the state withheld evidence materially favorable to him then Baker may have been denied his constitutional right to due process under the fourteenth amendment and a fair trial under the sixth amendment of the Constitution." (App. I 20-21)

Baker served his prison sentence and was released.  However, in June, 2011, he returned to prison due to parole violations.  He remains incarcerated.

Prior to the appointment of appellate counsel, Baker filed a *pro se* Informal Brief and appendix on March 25, 2015, to which a response brief was filed by the Bradford County District Attorney. Baker requested the appointment of appellate counsel; the Third Circuit appointed counsel on May 3, 2016.  (App. II 46)

## Statement of Related Cases and Proceedings

The instant case is unrelated to any other cases.

## Summary of Argument

Baker exercised reasonable diligence in filing the Petition in a timely manner after learning that blood was collected from him at the accident scene, tested, and revealed he was not legally intoxicated and that the favorable report was withheld from him by the prosecution or the law enforcement officials working on the case. With the exception of Baker's petitions, however, the record makes no independent reference to blood being collected at the accident scene, then being tested and the report being withheld by the prosecution. Due to the lack of evidence in the record, it is requested that the case be remanded to the district court to conduct an evidentiary hearing to ascertain the veracity of the factual claims made by Baker rather than summarily dismissing them because supporting or corroborating evidence is not already in the extant record.

-12-

Argument

WHETHER THE APPELLANT (1) EXERCISED REASONABLE DILIGENCE IN DISCOVERING THE FAVORABLE BLOOD-ALCOHOL CONTENT REPORT BEFORE THE ONE-YEAR LIMITATION PERIOD TOLLED AND (2) WHETHER EXTRAORDINARY CIRCUMSTANCES STOOD IN THE APPELLANT'S WAY IN TIMELY FILING THE PETITION FOR WRIT OF HABEAS CORPUS.

Given the extant facts in the court record, we submit that Baker could not have discovered the favorable blood-alcohol content (BAC) report prior to the tolling of the one-year limitation period on April 24, 1999, for the following reasons:  (1) at the accident scene he required emergency medical treatment for multiple injuries and was unaware of the circumstances (*i.e.* either the transfusion or

collection of his blood) regarding his treatment until after arriving at the hospital; (2) his defense counsel never mentioned a favorable BAC report and none was produced by the prosecution; (3) he was incarcerated in prison with no attorney representing him when the limitation period tolled; (4) he had no knowledgeable associate outside of prison assisting him when the limitation period tolled; (5) he knew nothing of the existence of the favorable BAC report until he had the assistance of the prison paralegal.

In the Petition and Amended Petition, Baker asserted not only that he became aware of the favorable BAC report in February, 2013, from blood drawn minutes after the accident but also the report was known to the prosecution at the time but withheld rather than being given to Baker or his attorney as exculpatory evidence.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody

-14-

pursuant to the judgment of a state court.  28 U.S.C. §2244 (d)(1)

The United States Supreme Court in *Holland v. Florida,* 560 U.S.

631, 130 S. Ct. 2549 (2010), decided that the one-year limitation

provision was subject to equitable tolling.  The *Holland* court,

referring to its earlier decision in *Pace v. DiGuglielmo,* 544 U.S. 408

(2005), stated that a petitioner is "entitled to equitable tolling" only

if he shows: "(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way" and

prevented timely filing.  *Id.* at 418.  In Baker's case, the

extraordinary circumstances at issue involves a favorable,

dispositive BAC report that was allegedly withheld by the

prosecution to the detriment of Baker.

The Supreme Court advised that reviewing courts must

exercise judgment in light of prior precedent, "but with awareness

of the fact that specific circumstances, often hard to predict in

advance, could warrant special treatment in an appropriate case."

*Holland,* 560 U.S. at 650.  We believe the circumstances in Baker's

-15-

case deserve "special treatment" by this court in permitting the record on appeal to be enhanced.

The Supreme Court also advised that the diligence required for equitable tolling purposes is "reasonable diligence." *Id.* at 653 (making reference to *Lonchar v. Thomas,* 517 U.S. 314, 326, 116 S. Ct. 1293 (1996))  The court recognized the difficulty facing the lower courts when an "equitable, often fact-intensive" inquiry is involved such as in the Baker case.  The lack of evidence in the court record corroborating Baker's claims makes the inquiry all the more challenging.  The *Holland* court concluded its decision by directing the Court of Appeals to "determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail." *Id.* at 654.

It is well-accepted that the state is required to disclose all evidence favorable to the defendant.  *Youngblood v. West Virginia,*

547 U.S. 867, 869 (2006).  If the state possesses exculpatory evidence, even though only known by the investigating officer and not the prosecutor, it must be disclosed to the defense.  *Id.* at 869-870 (quoting from *Kyles v. Whitley,* 514 U.S. 419, 439 (1995))

Baker argues that the facts in his case constitute "extraordinary circumstances" warranting the court's further consideration in ordering an evidentiary hearing.

In addition to the foregoing arguments, Baker asserts he is innocent of the criminal offense of driving under the influence, based upon the alleged favorable BAC report.  Although the report is not in the court record, we must presume it exists exculpating Baker based upon his claims in his petitions; at present, we have no contradictory evidence that the report does not exist except that it is not part of the extant court record.  The Supreme Court in *McQuiggin v. Perkins,* 569 U.S.___, 133 S. Ct. 1924 (2013) held that an actual-innocence claim, if proved, can overcome the habeas corpus statute of limitations; and that a reviewing court "should

-17-

count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 133 S. Ct. at 1336. In order to evaluate Baker's claim of actual-innocence of driving under the influence, an evidentiary hearing is required given the lack of evidence in the court record.

Baker was denied his right to a fair trial if the prosecution withheld exculpatory evidence, namely, the blood-alcohol content report showing that he was not legally intoxicated shortly after the vehicle accident. The record facts available may constitute an "extraordinary" instance in which the prosecution or law enforcement officials have withheld favorable, exculpatory evidence from Baker and his attorney. As to whether he could have discovered the existence of the report before the one-year limitation period tolled on April 24, 1999, the court record provides no help with the sole exception of Baker's factual claims in his petitions. It

is likely, given Baker's dire medical condition immediately after the collision, that blood was collected from him at the accident scene by emergency personnel; the district court gave Baker's story the benefit of a doubt when granting the Certificate of Appealability. His hospital record may reveal blood collection at the accident scene and testing for alcohol content. The record does reveal that Baker exercised reasonable diligence in filing the Petition after learning of the existence of the BAC report in February, 2013. He took the necessary steps to acquaint himself with the habeas corpus statutes and then prepared and filed the Petition on March 12, 2013. Given the extant record facts, we content Baker exercised reasonable diligence in pursuing his remedy by timely filing the Petition and that the circumstances described are extraordinary justifying this court's further consideration.

With no access to the transcripts from the preliminary hearing and the plea hearing, counsel is limited to Baker's claims supporting the argument that he exercised "reasonable diligence" in discovering the existence of the BAC report. Without the benefit of

testimony from Baker, the prison paralegal and Bradford Memorial Hospital emergency and medical records personnel, the events described by Baker will remain subject to speculation, casting doubt on Baker's truthfulness.

If Baker's claim is correct, and if the prosecution, or law enforcement officials knew of the favorable BAC report revealing that Baker was not legally intoxicated and withheld it, his constitutional rights to due process and a fair trial will have been violated.

At present, with no corroborating evidence available of a favorable BAC report, further evidence gathering is required to complete the record on appeal permitting the court to make an informed decision on the issue presented.

Conclusion

The appellant requests that the case be remanded to the

district court to hold an evidentiary hearing on the factual issues of:

(1) whether blood was collected at the accident scene, tested and a

BAC report prepared showing that Baker was not legally

intoxicated; (2) whether the report was available to the prosecution,

including law enforcement officials working on the investigation; (3)

if the report exists and was available to law enforcement officials or

the prosecution, whether it was withheld from the defense; (4)

whether Baker could have discovered, by exercising reasonable

diligence, the BAC report before the one-year limitation period tolled

on April 24, 1999; and (5) whether, in the opinion of the district

court, extraordinary circumstances existed justifying equitable

tolling.  Upon receipt of the district court's evidentiary findings, it is

requested that this court take appropriate action in concluding its review of Baker's habeas corpus claims.

Respectfully submitted,

/s/ Kenneth M. Weidaw III
Kenneth M. Weidaw III
Attorney for Appellant,
Ronald James Baker

-22-

Certificate of Membership in Bar

I, Kenneth M. Weidaw III, hereby certify that I am a member in good standing of the Bar of this Court.

/s/ Kenneth M. Weidaw III

Kenneth M. Weidaw III

Certificate of Word Count

I, Kenneth M. Weidaw III, hereby certify that there are 3365 words contained in this Brief.

/s/ Kenneth M. Weidaw III

Kenneth M. Weidaw III

## Certificate of Identical Compliance of Briefs

I, Kenneth M. Weidaw III, hereby certify that the text of the E-Brief and Hard Copies of the brief are identical.

/s/ Kenneth M. Weidaw III

Kenneth M. Weidaw III

## Certificate of Virus Check

I, Kenneth M. Weidaw III, hereby certify that prior to filing, the E-Brief was scanned for viruses using Kapersky Internet Security.

/s/ Kenneth M. Weidaw III

Kenneth M. Weidaw III

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing Brief for Appellant and Appendix for Appellant were mailed this 9th day of May, 2017, via first class mail and by cm/ecf, to the following:

Daniel J. Barrett, Esq.
Bradford County District Attorney
301 Main Street
Towanda, PA 18848

I hereby certify that a true and correct copy of the foregoing Brief for Appellant and Appendix for Appellant were mailed this 9th day for May, 2017, via first class mail to:

Ronald James Baker
DC-5930
SCI Dallas
1000 Follies Road
Dallas, PA 18612

<u>/s/ Kenneth M. Weidaw III</u>
Kenneth M. Weidaw III

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

No. 14-3840

RONALD JAMES BAKER,

Appellant,

vs.

SUPERINTENDENT, DALLAS SCI, *et al.*

Appellees

Appeal from an order entered in the
United States District Court for the Middle District of Pennsylvania
at Civil No. 3-13-cv-652 denying appellant's
petition for a writ of habeas corpus

APPENDIX FOR APPELLANT

(Volume I of II, pp. 1-23)

# CONTENTS OF APPENDIX

Docket No. 14-3840

<u>Volume I</u>:  (Attached to Brief for Appellant)

Petition for Writ of Habeas Corpus.................................1-6

Amended Petition for Writ of Habeas Corpus...................7-12

Memorandum and Order of District Court......................13-18

Memorandum Order Granting Certificate
of Appealability.............................................................19-21

Notice of Appeal to the Third Circuit.............................. 22-23

<u>Volume II</u>:

Bradford County Court of Common Pleas
Docket Entries............................................................. 24-35

United States District Court for the Middle District
Docket Entries............................................................. 36-40

Third Circuit Court of Appeals
Docket Entries............................................................. 41-46

Information (Bradford County, PA)...................................47-51

Omnibus Pre-Trial Motion................................................52-56

Brief In Support of Omnibus Pre-Trial Motion.....................57-60

Sentence Proceeding Transcript........................................61-80

Plea Hearing Order, June 30, 1997....................................81-82

Sentencing Order, August 18, 1997....................................83-84

Cumulative Report (BAC) from Memorial Hospital
and Statement of Trooper Christopher Wegrzynowicz............85-87

Bradford County Court of Common Pleas Order
to appellant to file statement of matters complained
of on appeal to the Pennsylvania Superior Court...................88

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JAMES BAKER
DOC NO: DC-5930
SCI DALLAS
1000 FOLLIES ROAD
DALLAS, PA. 18612,

      Petitioner,

*3:13-CV-652*

VS.

                          CASE NO:      **FILED
SCRANTON**

MAR 1 2 2013

JEROME WALSH,
SCI DALLAS SUPERINTENDANT,
1000 FOLLIES ROAD
DALLAS, PA. 18612,

PER _____ DEPUTY CLERK

      Respondent.

### PETITION FOR WRIT OF HABEAS CORPUS

**COMES NOW:** the Petitioner in the above styled cause and most respectfully moves this Honorable Court, pursuant to Title 28, U.S.C. §2241, to issue a writ of habeas corpus, ordering his release from imprisonment at the hands of the Respondent, and submits that:

### JURISDICTION

1) **This Honorable Court enjoys jurisdiction to entertain this** writ on the basis of these facts: (a) Under Pennsylvania Habeas Corpus Rules, Title 42 Pa.C.S.A. §9545(b)(1)(i) & (ii), Petitioner is time barred from seeking collateral review of his sentence; (b) Likewise under the AEDPA since he was sentenced on August 08, 1997. No direct appeal, nor a PCRA or §2254 writ was taken; (c) The sentencing Court was without subject matter jurisdiction to sentence him to 20 years imprisonment for an Aggravated Assault by Vehicle while under DUI, (d) that conviction was obtained by fraud.

**PARTIES**

2)   <u>Petitioer</u> is a 52 year old white male currently serving a
technical parole violation at the SCI Dallas prison, located at
1000 Follies Road, Dallas, Pa. 18612. HIS prison number is DC-5930.

   <u>Jerome Walah</u>, is the superintendant at the SCI Dallas facility
and enjoys custody over the petitioner.

**STATEMENTS OF THE FACTS**

3)   On September 29, 1996, while petitioner attempted to pass
two cars on Liberty Corners Road in Bradford County, he was unable
to avoid an oncomming car on its side of the road traveling towards
him. Petitioner was traveling at a high rate of speed, struck
the oncomming car. A horrible accident ensued.

   The female driver of the oncomming car was seriously injured.
Her 6-8 year old daughter was also seriously injured. An infant,
thank God, was not harmed. The mother and daughter were transported
to Towanda Memorial Hospital, under went several operations, and
were in and out of the hospital for additional operations for months
on end.

   Petitioner was seriously injured. He incurred a broken hip
in several places, required a hip replacement, plates in his broken
legs and arms, a pierced liver, lower bowels, and other major injuries.

4)   Upon entering the Towanda Memorial Hospital, at the request
of his police escort, staff drew blood from petitioner for a blood
alcohol test. Days later he was arrested at the hospital regarding
charges related to the accident.

5)    After two months petitioner was transferred to the SCI Mahanoy, hospital ward.   Doctors advised him he would be bound to a wheel chair for the rest of his life.

Six months later he was tranported to the Bradford County Courthouse to stand trial.   At that time his attorney, the District Attorney, and Judge advised him that if he proceeded to trial and was convicted he faced 30-to-60 years imprisonment.   If he took a plea bargain a 7½-to-25 year term of imprisonment.   Petitioner then pled guilty ans was sentenced as follows:

a)    Two years 6 months to 10 years; A consecutive term of two years 6 months to 10 years for violating 75 Pa. C.S.A. §3735.1;

AGGRAVATED ASSAULT BY VEHICLE WHILE DUI

b)    One year 6 months, consecutive to the sentence above, and a consecutive one year six months for violating 75 Pa. C.S.A. §3742.1.

ACCIDENT INVOLVING DEATH OR PERSONAL INJURY WHILE NOT PROPERLY LICENSED.

See Exhibit 1, DOC SETENCE STATUS SUMMARY.

**LEGAL ISSUES**

6)    Out lined below are jurisdictional issues that give rise to filing this habeas corpus action in federal court; and the basis for granting the writ.

a) On January 15, 1996, the Commonwalth placed into effect 42 Pa. C.S.A. §9545(b) et seq., which set a jurisdictional one year time-bar for prisoners to seek habeas corpus relief.   An untimely petition will not be entertained regardless of the issues raised therein: See Com. v. Abu-jama, 833 A.2d 719, 723,24 (Pa. 2000)

b) The one year time limit begins when the prisoner has exhaused his direct appeals, and if no appeal was taken one year after sentencing. or sixty days upon the discovery of new evidence with the exercise of due diligence. Com v. Hawkins,   953 A. 2d 1248 (2008)

3

c) Under Pennsylvania jurisprudence, subject matter
jurisdiction may never be waived, 42 Pa. Rules of Civil
Procedure, Rule 1032,  See Com. v. Little, 314
A.2d 270 (Pa. 1974), Musumecli v. Penns Landing Corp.,
643 A. 2d 705 (Superior 1994).

d) Likewise, an illegal sentence may never be waived
Com. v. Foster, 17 A. 2d 332 (Pa. 2004)·

e) However, despite the fact of the non-waiver of the
claims note if subparagraphs (c) and (d) above, which
if asserted, constitute a miscarriage of justice, they
must be filed within the jurisdictional time bar,
Com. v. Fahy, 714 A.2d 214, 223 (Pa. 1999)  Thus petitioner
has no state court remedies.

g) To proceed to a finding of guilt and subsequent
sentence under a DUI offense, and sentenced meaning
convicted Com. v. Johnson, 545 A. 2d 349 (Super 1988).

f) Petitioner asserts that the sentencing Court was without
subject matter jurisdiction to sentence him to two
consecutive 10 year terms of imprisonment under 75 Pa
3735.1 Aggravated Assault By Vehicle while DUI.

This because, an essential element, of that offense
is that First, he must be found guilty by a jury or in a
non-jury trial, and sentenced, i.e. convicted of a DUI
offense.    offence.

" Any person who negligently causes serious bodily
injury to another person as the result of violation
of section 3731 (relating to driving under influence of
alcohol or controlled substance) and who is convicted of
violating section 3731 commits a felong of the second
degree when the violation is cause of the injury." §3735.1

7)   Since the record is perfectly clear, Petitioner was never

found guilty of a DUI offense, nor convicted of a DUI offense

which caused the underlying injuries to the occupleas in the

oncomming car Johnson, supra, the Court of Commonpleas in this

cause was without subject matter jurisdiction to find him guilty

of AGGRAVATED ASSAULT BY VEHICLE WHILE DUI, and sentence him to

20 years imprisonment.

4

8)    Furthermore, that conviction was obtained by fraud as
the facts in Statements (6), and (7) above make clear. Obviously
the blood/alchol tests by the Bradford Memorial Staff taken minutes
after the accident were negative regarding a DUI offense. Petitioner
was never privy to that test result.

Since the fraud was exposed to him by a Paralegal Prisoner
during the second week of February 2013, who if requested will
testify to that fact, this writ is timely Under § 2244, or 2241.

**REQUEST FOR RELIEF**

9)    Petitioner most respectfully prays that this Honorable
Court will issue an ORDER vacating his two 10 year consecutive terms
of imprisonment under §3735.1, and all the fines, court costs and
related monetary penalties so imposed.

                              Respectfully submitted

                              *Ronald J Baker*
                              Ronald Baker  DC 5930
                              SCI Dallas
                              1000 Follies Road
                              Dallas, Pa. 18612


Sworn and subscribed under the penalty of perjury, 28 U.S.C. 1746.
that all the Statements made in this complaint, are true to the best
of his information and belief.

                              *Ronald J Baker*
                              Ronald Baker DC 5930



# COMMONWEALTH OF PENNSYLVANIA

## DC16E - SENTENCE STATUS SUMMARY    DEPARTMENT OF CORRECTIONS

Closed Version 9  Dated 12/7/2011 8:07:50 AM

### 1.  REFERENCES AND IDENTIFICATION

| DOC #<br>DC5930 | Commitment Name<br>RONALD JAMES BAKER | PBPP #<br>9804V | SID #<br>14281282 | FBI #<br>102999X7 | Phila Photo # |
|---|---|---|---|---|---|
| DOB<br>01/23/1961 | Place of Birth<br>SAYRE      PA USA | | | Race<br>W | Sex<br>M |

### 2.  SENTENCE SUMMARY

| Sent Date | County/State/Federal | Indictments | Sent Type | Min Y | Min M | Min D | Max Y | Max M | Max D |
|---|---|---|---|---|---|---|---|---|---|
| 08/18/1997 | Bradford | CP716A/1996 | | 2 | 6 | | 10 | | |
| Plea: | Plead Guilty | OTN: E6909232 | Judge: MOTT, JOHN C. | | | | | | |
| Offense: | VC3735.1 - AGGRAVATED ASSAULT BY VEHICLE WHILE DUI | | | | | | | | |
| 08/18/1997 | Bradford | CP716B/1996 | CS | 2 | 6 | | 10 | | |
| Plea: | Plead Guilty | OTN: E6909232 | Judge: MOTT, JOHN C. | | | | | | |
| Offense: | VC3735.1 - AGGRAVATED ASSAULT BY VEHICLE WHILE DUI | | | | | | | | |
| 08/18/1997 | Bradford | CP716D/1996 | CS | 1 | 3 | | 2 | 6 | |
| Plea: | Plead Guilty | OTN: E6909232 | Judge: MOTT, JOHN C. | | | | | | |
| Offense: | VC3742.1 - ACCIDENT INVOLVING DEATH OR PERSONAL INJURY WHILE NOT PROPERLY LICENSED | | | | | | | | |
| 08/18/1997 | Bradford | CP716E/1996 | CS | 1 | 3 | | 2 | 6 | |
| Plea: | Plead Guilty | OTN: E6909232 | Judge: MOTT, JOHN C. | | | | | | |
| Offense: | VC3742.1 - ACCIDENT INVOLVING DEATH OR PERSONAL INJURY WHILE NOT PROPERLY LICENSED | | | | | | | | |

| Reception Date | 07/07/2011 | Reentered from DOC # | GY2934 |
|---|---|---|---|
| Controlling Minimum Date | 04/15/2004 | New Maximum - PV | 08/17/2023 |
| Controlling Maximum Date | 10/15/2021 | True Minimum Expiry Date | |
| RRRI Minimum Expiry Date | | | |

### Summary or Remarks on Sentence

| Remarks | Version 9 created ~ to recommit as a TPV per PBPP-39 dated 8/26/2011, new max 8/17/2023.<br><br>Version 8 created to Recommit as TPV per PBPP-39 dated 4/16/2010.<br>VERSION 7: RECEIVED AS A PVP 12/11/09.<br>Version 6: Reported prior TCV recommitment per PBPP form 39; recommitted on all prior institution numbers but PBPP only recalculated predominate case under #DC5930.<br>Version 5: Reported prior TPV recommit per PBPP39 dated 4-29-2008.<br>Version 4: Created to reflect PVP status.<br>Version 3: Reported previous TCV per PBPP-39 dated 3/17/06.<br>Version 2: PVP.<br>Version 1: Initial sentence summary.    *EXHIBIT 1* |
|---|---|

12/7/2011 8:07:50 AM    Inmate #: DC5930 - Ronald James Baker    Version 9  Closed  12/7/2011 8:07:50 AM    Page 1 of 3
Distribution: Inmate  PBPP  PSP  BIS  Counselor  DC-15  Time File

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JAMES BAKER
DOC NO: DC-5930
SCI DALLAS
1000 FOLLIES ROAD
DALLAS, PA. 18612,

        Petitioner,

   VS.

BRADFORD COUNTY DISTRICT ATTORNEY,
And,
JEROME WALSH,
SCI DALLAS SUPERINTENDANT,
1000 FOLLIES ROAD
DALLAS, PA. 18612,

        Respondent.

**FILED
SCRANTON**

APR 17 2013

PER _____
     **DEPUTY CLERK**

CASE NO: 3:13-cv-00652-ARC-SES

## AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

**COMES NOW:** the Petitioner in the above styled cause and most respectfully moves this Honorable Court, pursuant to Title 28, U.S.C. 2254(d)    issue a writ of habeas corpus, ordering his release from imprisonment at the hands of the Respondent, and submits that:

### JURISDICTION

1)    **This Honorable Court enjoys jurisdiction to entertain this** writ on the basis of these facts: (a) Under Pennsylvania Habeas Corpus Rules, Title 42 Pa.C.S.A. §9545(b)(1)(i) & (ii), Petitioner is time barred from seeking collateral review of his sentence; (b) Likewise under the AEDPA since he was sentenced on August 08, 1997. No direct appeal, nor a PCRA or §2254 writ was taken; (c) The sentencing Court was without subject matter jurisdiction to sentence him to 20 years imprisonment for an Aggravated Assault by Vehicle while under DUI, (d). that conviction was obtained by fraud.

7

PARTIES

2)   **Petitioer** is a 52 year old white male currently serving a technical parole violation at the SCI Dallas prison, located at 1000 Follies Road, Dallas, Pa. 18612. HIS prison number is DC-5930.

   **Jerome Walah**, is the superintendant at the SCI Dallas facility and enjoys custody over the petitioner. (*)

STATEMENTS OF THE FACTS

3)   On September 29, 1996, while petitioner attempted to pass two cars on Liberty Corners Road in Bradford County, he was unable to avoid an oncomming car on its side of the road traveling towards him. Petitioner was traveling at a high rate of speed, struck the oncomming car. A horrible accident ensued.

   The female driver of the oncomming car was seriously injured. Her 6-8 year old daughter was also seriously injured. An infant, thank God, was not harmed. The mother and daughter were transported to Towanda Memorial Hospital, under went several operations, and were in and out of the hospital for additional operations for months on end.

   Petitioner was seriously injured. He incurred a broken hip in several places, required a hip replacement, plates in his broken legs and arms, a pierced liver, lower bowels, and other major injuries.

4)   Upon entering the Towanda Memorial Hospital, at the request of his police escort, staff drew blood from petitioner for a blood alcohol test. Days later he was arrested at the hospital regarding charges related to the accident.

   ||*) Petitioner amends the respondents to include the Bradford County District Attorney.

8

5)    After two months petitioner was transferred to the SCI Mahanoy,
hospital ward.    Doctors advised him he would be bound to a wheel
chair for the rest of his life.

Six months later he was tranported to the Bradford County
Courthouse to stand trial.    At that time his attorney, the District
Attorney, and Judge advised him that if he proceeded to trial and
was convicted he faced 30-to-60 years imprisonment.    If he took a
plea bargain a 7½-to-25 year term of imprisonment.    Petitioner then
pled guilty ans was sentenced as follows:

a)    Two years 6 months to 10 years; A consecutive term of two
years 6 months to 10 years for violating 75 Pa. C.S.A.
§3735.1;

AGGRAVATED ASSAULT BY VEHICLE WHILE DUI

b)    One year 6 months, consecutive to the sentence above, and
a consecutive one year six months for violating 75 Pa.
C.S.A. §3742.1.

ACCIDENT INVOLVING DEATH OR PERSONAL INJURY WHILE
NOT PROPERLY LICENSED.

See Exhibit 1, DOC SETENCE STATUS SUMMARY.

**LEGAL ISSUES**

6)    Out lined below are jurisdictional issues that give rise
to filing this habeas corpus action in federal court; and the basis
for granting the writ.

a) On January 15, 1996, the Commonwalth placed into effect
42 Pa. C.S.A. §9545(b) et seq., which set a jurisdictional
one year time-bar for prisoners to seek habeas corpus
relief.    An untimely petition will not be entertained
regardless of the issues raised therein:
See Com. v. Abu-jama, 833 A.2d 719, 723,24 (Pa. 2000)

b) The one year time limit begins when the prisoner has
exhaused his direct appeals, and if no appeal was taken
one year after sentencing. or sixty days upon the discovery
of new evidence with the exercise of due diligence.
Com v. Hawkins, 953 A. 2d 1248 (2008)

c)    Under Pennsylvania jurisprudence, subject matter
jurisdiction may never be waived, 42 Pa. Rules of Civil
Procedure, Rule 1032,  See Com. v. Little, 314
A.2d 270 (Pa. 1974), Musumecli v. Penns Landing Corp.,
643 A. 2d 705 (Superior 1994).

d)    Likewise, an illegal sentence may never be waived
Com. v. Foster, 17 A. 2d 332 (Pa. 2004).

e)    However, despite the fact of the non-waiver of the
claims note if subparagraphs (c) and (d) above, which
if asserted, constitute a miscarriage of justice, they
must be filed within the jurisdictional time bar,
Com. v. Fahy, 714 A.2d 214, 223 (Pa. 1999)  Thus petitioner
has no state court remedies.

g)    To proceed to a finding of guilt and subsequent
sentence under a DUI offense, and sentenced meaning
convicted Com. v. Johnson, 545 A. 2d 349 (Super 1988).

f)    Petitioner asserts that the sentencing Court was without
subject matter jurisdiction to sentence him to two
consecutive 10 year terms of imprisonment under 75 Pa
3735.1 Aggravated Assault By Vehicle while DUI.

This because, an essential element, of that offense
is that First, he must be found guilty by a jury or in a
non-jury trial, and sentenced, i.e. convicted of a DUI
offence.

" Any person who negligently causes serious bodily
injury to another person as the result of violation
of section 3731 (relating to driving under influence of
alcohol or controlled substance) and who is convicted of
violating section 3731 commits a felong of the second
degree when the violation is cause of the injury." §3735.1

7)    Since the record is perfectly clear, Petitioner was never

found guilty of a DUI offense, nor convicted of a DUI offense

which caused the underlying injuries to the occupleas in the

oncomming car Johnson, supra, the Court of Commonpleas in this

cause was without subject matter jurisdiction to find him guilty

of AGGRAVATED ASSAULT BY VEHICLE WHILE DUI, and sentence him to

20 years imprisonment.

8)    Furthermore, that conviction was obtained by fraud. As the facts in Statements (6) and (7) above make clear, the blood alcohol test by the Bradford Memorial Hospital staff taken minutes after the accident were negative regarding a DUI offense. Petitioner was never privy to that test result.

CONCLUSION

9)    Petitioner is unschooled in the law. He must rely upon the assistance a local prisoner paralegal to assist him.

10)    **Petitioner asserts that the trial/sentencing Court was without jurisdiction to sentence him to two consecutive 6 months** to 10 years imprisonment for violating Title 75 Pa. C.S.A. §3735.1, because he was never convicted of a DUI offense as a result of the same criminal event.

11)    That he was ineffectively represented by counsel who advised him to enter a plea to the §3735.1 charges.

12)    The the Commonwealth suppressed the results of the blood alcohol test taken by the Bradford Memorial Hospital staff taken minutes after the accident in the this cause. That test result remains suppressed to this day.

13)    That the conviction under §3735.1, was obtained by fraud on the part of the Commonwealth. Here the Court and the District Attorney.

14)    That the statute of limitations does not accrue until the fraud is discovered. That date was on or abut the second week of February, 2013.

14(a)    That his guilty plea was not knowingly, intelligenty, and voluntarily made.

11

15) That at the time of his plea he was heavily sedated under pain prescription medication. That his plea of guilty was premised upon the advice of counsel, his integrity, and the integrity of the Court and the District Attorney.

**PRAYER FOR RELIEF**

16) petitioner incorporates into this prayer for relief all the statements in (1) through (15) above and most respectively, for the leagal and factual pleadings in those statements, moves this Honorable Court to set aside the two consecutive 6 months to 10 years of imprisonment under §3735.1, asserted above.

Respectfully submitted,

*Ronald J Baker*

Ronald Baker DC 5930
SCI Dallas
1000 Follies Road
Dallas, Pa. 18612

Sworn and subscribed under the penalty of perjury, 28 U.S.C. 1746, that all the statements made in this §2254 writ are true to the best of his information and belief.

*Ronald J Baker*
Ronald Baker

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD JAMES BAKER,

    Petitioner,

    v.

JEROME WALSH, et al.,

    Respondents.

CIVIL ACTION NO. 3:13-CV-652

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

### MEMORANDUM

Presently before the Court for review is Magistrate Judge Schwab's Report and Recommendation (Doc. 20) to Petitioner Ronald James Baker's Amended Petition for Writ of Habeas Corpus (Doc. 6), and Respondents' Answer (Doc. 13). Because Mr. Baker's petition is time barred by the statute of limitations and his claims are procedurally defaulted, the Report and Recommendation will be adopted and the petition will be dismissed.

### I. Background

The underlying facts are set forth in detail in Magistrate Judge Schwab's Report and Recommendation. For purposes of review of the instant Report and Recommendation, it is sufficient to note that Mr. Baker was charged with numerous criminal violations resulting from a car accident, and in June of 1997, he pleaded guilty to two counts of causing an accident involving death or personal injury while not properly licensed, two counts of aggravated assault by vehicle while driving under the influence, one count of driving under the influence of alcohol, one count of driving with a suspended or revoked license, and two counts of recklessly endangering another person. (Doc. 18, Ex. B.) In a June 30, 1997 Order, Judge Mott scheduled a sentencing hearing and stated that he was reserving ruling on whether he would accept Mr. Baker's plea and the agreement until the time of sentencing. *Id.* On August 18, 1997, Mr. Baker was sentenced to two consecutive 30 to 120 month terms of imprisonment on the convictions for aggravated assault by vehicle while driving under the influence and two consecutive 15 to 30 month terms of imprisonment on the convictions for causing an accident involving death or serious injury while not properly

licensed.  (Doc. 13-1, 20.)

Mr. Baker appealed his sentence to the Pennsylvania Superior Court, contending that it was excessive, unreasonable, and an abuse of discretion.  (Doc. 18, Ex. D.)  On March 25, 1998, the Pennsylvania Superior Court affirmed the sentence, (Doc. 13-2 at 21-25) and Mr. Baker did not file a petition for allowance of appeal to the Pennsylvania Supreme Court or a Post Conviction Relief Act (PCRA) petition.  (Doc. 6, ¶ 1.)

On March 12, 2013, Mr. Baker began this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that the sentencing court did not have subject matter jurisdiction to sentence him for aggravated assault by vehicle while driving under the influence under 75 Pa.C.S.A. § 3735.1 because conviction for driving under the influence is an essential element of that offense, and he argues that he was not convicted for driving under the influence.  Mr. Baker also claimed that his conviction was obtained by fraud because he was not convicted of driving under the influence.  Mr. Baker asserts that the results of the blood/alcohol test taken minutes after the accident were negative but he was never privy to those results.  He claims that a prison paralegal told him of the fraud in February of 2013, and that his petition is timely.

The Court notified Mr. Baker of the effects of filing a § 2254 petition and ordered him to complete an election form to either have the petition construed and ruled upon as a § 2254 petition or to withdraw the current petition.  In his Amended Petition (Doc. 6), Mr. Baker repeats his claims that the court lacked subject matter jurisdiction to sentence him, that his counsel was ineffective in advising him to plead guilty to the charges of aggravated assault by vehicle while driving under the influence, that the Commonwealth suppressed the results of a blood alcohol test taken after the accident, and that his guilty plea was not knowing, intelligent, and voluntary.  He also claims that his conviction was obtained by fraud.  As relief, he seeks an order setting aside his two consecutive sentences.

Respondents contend that the petition is barred by the statute of limitations, that Mr. Baker failed to exhaust his administrative remedies, and that Mr. Barker's claims lack merit.

14

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

As noted, Magistrate Judge Schwab recommends that Mr. Baker's petition be denied because it is barred by the statute of limitations and is procedurally defaulted. In his objections (Doc. 26), Mr. Baker argues that the report and recommendation should be rejected because of he is actually innocent of the §3735.1 charge. He also argues that the court lacked subject matter jurisdiction to sentence him. Finally, he argues that the trial court and his former counsel perpetrated a fraud in forcing him to plead to the §3735.1 charge knowing that there was no evidence to support a DUI charge, that this was brought to light on or about June-July 2013, and thus that his petition is not barred by the statute of limitations. (Doc. 26, 1-2.)

15

As Magistrate Judge Schwab notes, a colorable claim of "actual innocence" can serve both as an exception to procedural default and as an equitable exception to the statute of limitations.  *See Hubbard v. Pinchak,* 378 F.3d 333, 338 (3d Cir. 2004) ("An allegation of 'actual innocence,' if credible, is one such 'miscarriage of justice' that enables courts to hear the merits of the habeas claims."); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933-34, 185 L. Ed. 2d 1019 (2013) ("[In] a first petition for federal habeas relief, the miscarriage of justice exception survived AEDPA's passage intact and unrestricted."); *Riley v. Myers*, No. 3:00-CV-1183, 2014 WL 1745874, at *8 (M.D. Pa. May 1, 2014) ("In holding that a colorable claim of actual innocence serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or the AEDPA statue of limitations (thus allowing the district court to adjudicate the petition on its merits), *McQuiggin* cautioned that [. . . ] tenable actual-innocence gateway pleas are rare.").

"Actual innocence, meaning factual rather than legal innocence, requires a defendant to establish that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *United States v. Fake*, No. 1:CR-05-426-02, 2009 WL 1507164, at *1 (M.D. Pa. May 27, 2009) (citing *United States v. Garth*, 188 F.3d 99, 107 (3d Cir.1999)). "To establish actual innocence, a petitioner must offer 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Peace v. Klopotoski*, No. 08-3927, 2009 WL 1872097, at * 3 (E.D. Pa. June 30, 2009) (citing *House v. Bell,* 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).  Although Mr. Baker states in his Petition (Doc. 1) that "[o]bviously the blood/alcohol tests by the Bradford Memorial Staff taken minutes after the accident were negative regarding a DUI offense" and that "Petitioner was never privy to that test result" (Doc. 1, ¶ 8), he fails to present any evidence to support this claim.  Therefore, the Court agrees with Magistrate Judge Schwab's conclusion that Mr.

Baker has not presented a colorable actual-innocence claim.

The Court also agrees with Magistrate Judge Schwab's conclusion that the Court of Common Pleas of Bradford County had subject matter jurisdiction in the underlying criminal action. *See generally Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (2003) ("Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. See 18 Pa.C.S. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code.").

Finally, with respect to Mr. Baker's objection that his petition is timely because "the statute of limitations accryes [sic] when the fraud is discovered" and that "it was brought to light on or about June-July of 2013," the Court agrees with Magistrate Judge Schwab's conclusion that given the nature of his claims, he could have discovered the alleged fraud with reasonable diligence before then. The alleged fraud was that Mr. Baker's counsel "forc[ed] him to plead to the §3735.1 offense knowing there was no evidence to support a DUI charge." (Doc. 26, ¶ 3.) Although Mr. Baker asserts that "it" was not "brought to light" until about June-July of 2013, it is unclear based on his submissions what new information he discovered at this date.[1] "A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented him from timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Baker's allegations are insufficient to provide grounds for equitable tolling. *See generally Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.")

---

[1] In his initial petition (Doc. 1), Mr. Baker also asserts that "the fraud was exposed to him by a Paralegal Prisoner during the second week of February 2013," without further clarification.

17

## IV. Conclusion

For the above stated reasons, Magistrate Judge Schwab's report and recommendation (Doc. 20) will be adopted in full, and Mr. Baker's petition for a writ of habeas corpus will be dismissed.

An appropriate order follows.


 August 6, 2014                                             /s/ A. Richard Caputo
Date                                                       A. Richard Caputo
                                                           United States District Judge

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RONALD JAMES BAKER,

    Petitioner,

    v.

JEROME WALSH et al.,

    Respondents.

CIVIL ACTION NO. 3:13-cv-0652

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

**<u>MEMORANDUM ORDER</u>**

    Presently before the Court is the above captioned matter which has been remanded by the Third Circuit solely for a determination as to the issuance of a certificate of appealability ("COA"). In my August 6, 2014 Order (Doc. 28), I adopted Magistrate Judge Schwab's Report and Recommendation ("R&R") (Doc. 20) dismissing Petitioner's habeas petition. However, in my Order, I failed to address the issue of the COA. Because a reasonable jurist could find that Petitioner's Motion was timely filed, a COA shall issue.

    Petitioner is proceeding in this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1.) On March 7, 2014, Magistrate Judge Schwab issued a R & R recommending Petitioner's Petition for Writ of Habeas Corpus be denied. (Doc. 20.) According to Magistrate Judge Schwab, Petitioner's petition was procedurally barred because it was untimely filed and was not subject to equitable tolling. (Doc. 20.) In an Order dated August 6, 2014, I adopted Magistrate Judge Schwab's R & R. (Doc. 28.)

    Petitioner filed a Notice of Appeal dated September 1, 2014. (Doc. 29.) Subsequently, in an Order filed September 19, 2014, the Third Circuit directed the Court to issue a COA or state reasons why a COA should not issue. (Doc. 31.)

    When a state prisoner seeks a writ of habeas corpus, he does not enjoy the "absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (discussing 28 U.S.C. § 2253). The prisoner must first obtain a COA in order for an appeal to appear before the court of appeals. *Id.*

    As to the issuance of the COA, the Third Circuit Local Appellate Rule 22.2 provides:

19

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk will enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue.

Third Circuit LAR 22.2.

To be issued a COA, the petitioner must satisfy the requirements of § 2253 by making a "substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)(2)). It is not necessary for a petitioner to establish "that he will prevail." *Miller-El*, 537 U.S. at 323. Instead, when courts reject "constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if the claim is rejected on procedural grounds, the petitioner must establish a substantial showing that a constitutional right has been denied as a prerequisite to "consideration of the procedural issues in an appeal under Section 2254." *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir.2001). Even where this has been demonstrated, the COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

As set forth in my August 6, 2014 Memorandum (Doc. 27), I believe that Petitioner's claim was untimely filed and did not satisfy the limited circumstances in which equitable tolling is applicable. See *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir.2004).

However, Petitioner Baker has established that jurists of reason would find it

20

debatable whether the petition states a valid claim of the denial of a constitutional right. If the claim upon which Baker's petition is true, that the state withheld evidence materially favorable to him, then Baker may have been denied his constitutional rights to due process under the fourteenth amendment and a fair trial under the sixth amendment of the Constitution. U.S. Const. amends. XIV, VI. The state has a constitutional obligation to disclose evidence favorable to the defense. *Youngblood v. W. Virginia*, 547 U.S. 867, 869 (2006) (citing *Brady v. Maryland*, 373 U.S. 83, 83 (1963)). This includes impeachment as well as exculpatory evidence, and occurs even when the government fails to disclose evidence that is "known only to the police investigators and not to the prosecutor." *Id.* at 869-70 (quoting *Kyles v. Whitley*, 514 U.S. 419,438 (1995)).

With respect to the procedural bar to Baker's petition, a reasonable jurist could find it debatable whether I was correct in my procedural ruling. Baker argues that the one year statute of limitations began to run in June-July 2013, when he discovered new evidence that a blood test at the scene of the accident indicated that he was not intoxicated, and that the prosecutor fraudulently withheld this information. The applicable statute of limitations is set out in 28 U.S.C. § 2244(d). The relevant provision reads that the statute of limitations "shall run from the latest of—. . . .(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). I adopted Magistrate Judge Schwab's reasoning that "given the nature of Baker's claims, with reasonable diligence Baker could have discovered the basis for his claims before then." (Doc. 20, 6.) However, a reasonable jurist could find that this determination is incorrect, or at least debatable. Thus, a certificate of appealability is appropriate in the present action.

### ORDER

NOW this _24th_ day of September, 2014, **IT IS HEREBY ORDERED** that a certificate of appealability **SHALL ISSUE.**

A. Richard Caputo
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD JAMES BAKER,

     Petitioner/Appellant

  VS.                      CIVIL NO: 3:13-CV-652

JEROME WALSH, ET AL.,

     Respondent/Appellee.

## NOTICE OF APPEAL

Please take notice that the Petitioner/Appellant in the above
styled cause hereby appeals from the ORDER of the District Court
filed on August 06, 2014, denying his Petition For A Writ Of Habeas
Corpus to the Third Circuit Court Of Appeals sitting in
Philadelphia, Pennsylvania on this __1__ day of September, 2014.

_Ronald J Baker_
Ronald Baker

**FILED
SCRANTON**

SEP - 4 2014

PER _____
DEPUTY CLERK

22

CERTIFICATE OF SERVICE

Please take notice that on this Date, September __/__, 2014, the Petitioner/Appellant in the foregoing Notice Of Appeal, hereby certifies that he placed in the U.S. Prisoner Mail Box at SCI Dallas, Pa. a true and correct of this appeal to the parties identified below at their official addresses:

U.S. Clerk of Courts
U.S. Courthouse
P.O. Box 1148
Scranton, Pa. 18501-1148

Albert C. Ond4ey, Esquire
District Attorney's Offices
Bradford County Courthouse
301 Main Street
Towanda, Pa. 18848

Ronald James Baker