14-3840

IN THE

# UNITED STATE COURT OF APPEALS
## FOR THE THIRD CIRCUIT

## RONALD JAMES BAKER

*APPELLANT*

## V.

## JEROME WALSH, SUPERINTENDANT, DALLAS SCI ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; DISTRICT ATTORNEY BRADFORD COUNTY

*APPELLEE*

On Appeal from the judgment entered in the United
States District Court for the Middle District of Pennsylvania
on August 6, 2014 3:13-CV-652 (caputo .J)

# BRIEF OF APPELLEE

ALBERT C. ONDREY
301 MAIN STREET
COURTHOUSE
SUITE 3, TOWANDA, PA 18848
(570) 265-1712
Attorney for Appellee
Pa. ID#36926

# TABLE OF CONTENTS

**Page(s):**

Table of Contents………………………………………………………………… -i-

Table of Authorities………………………………………………………… -ii-

Statement of Case ……………………………………………………………-1-

Statement of Issues………………………………………………………… -4-

Summary of Argument…………………………………………………………-5-

Argument…………………………………………………………………………..-6-

Conclusion………………………………………………………………… -11-

Appendix (Copy of Criminal Complaint)……………………………………-12-

Certificate of Service………………………………………………………-13-

Certificate of Bar Membership…………………………………………………..-14-

# TABLE OF AUTHORITIES

**Statutes:**

28 U.S.C.§2244(d)(1)(A)………………………………………………page 6

75 Pa. C.S. § 3735.1…………………………………………………page 1

75Pa.C.S. § 3731………………………………………………………page 1

75Pa.C.S. §3755………………………………………………………..page 8-9

**Cases:**

Commonwealth v. Schmohl , 975A. 2d. 1144 (Pa. Super. 2009)…page 7

Commonwealth v. Urbanski, 426 Pa. Super. 505, 627 A.2 d 789 (1993)….page 9

Holland v. Florida, 560 U.S.631 (2010)

Hedger v. United States, 404F.3d 744 (3d Cir.2005)

## Statement of Case

Petitioner was charged by Criminal Complaint with three (3) counts of Aggravated Assault by Vehicle while Driving under the Influence, 75 Pa. C.S.§ 3735.1, DUI 75 Pa. C.S.§3731(a)(1) and (a)(4) and related charges on October 15, 1996. The charges were held to court after a Preliminary Hearing. An Information was filed on January 3, 1997. Defendant entered pleas of guilty on June 30, 1997 to two counts of Accident Involving Death or Injury by Unlicensed Operator, felony third degree, two counts of Aggravated Assault by Motor Vehicle while Driving under the Influence, felony second degree, one count of driving under the Influence of Alcohol, a misdemeanor of the second degree, one count of Driving while Operating Privilege is Suspended or Revoked, second or subsequent offense, summary and two counts of Recklessly Endangering another Person, misdemeanor second degree.

Defendant was sentenced on August 18, 1997. The court sentenced defendant to a term of incarceration of 30 months to 120 months on each count of Aggravated Assault by Vehicle while under the Influence, defendant received 15 months to 30 months on each count of Accident Involving Injury by Unlicensed Operator. The sentences were run consecutively for an aggregated sentence of seven and a half years to 25 years. The other convictions including the DUI were

held to merge for sentencing purposes.  Defendant filed a timely Notice of Appeal on September 16, 1997.

The Superior Court of Pennsylvania entered an Order affirming the judgment of sentence on March 25, 1998.

The record reflects no Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was filed.  No P.C.R.A. Petition was filed.

Petitioner did file proceedings relating to collection of fines and costs and an appeal of the dismissal of his Motion for Stay, but said proceedings are unrelated to this Petition.

Petitioner filed a Petition for Writ of Federal Habeas Corpus on April 17, 2013.

On March 7, 2014, United States Magistrate Judge Susan E. Schwab issued a Report and Recommendation that the Petition be denied.

On August 6, 2014, United States District Judge A. Richard Caputo adopted the Report and Recommendation and dismissed the Petition for Writ of Habeas Corpus.

On September 24, 2014, United States District Judge A. Richard Caputo

issued a Certificate of Appealablity.

# STATEMENT OF ISSUES

The Middle District Judge, A. Richard Caputo issued a certificate of Appealablity on the following issue.

Whether any meritorious claims presented could have been discovered through the exercise of due diligence and the claim is beyond the one year statute of limitations.

# SUMMARY OF ARGUMENT

The determination of the United States District Court that the Petition for Writ of Habeas Corpus was untimely is completely supported by the Report and Recommendation of the Magistrate Judge and the District Court Judge.

The Statute of Limitations expired April 24, 1999.  The Petition was filed on April 17, 2013.

The Court found that given the nature of Petitioner's claims, the basis for the claim could have been discovered before February 2013, with reasonable diligence.

The claim that Petitioner was not convicted of the DUI offense is patently without merit.

Petitioner's request for a hearing to support his claim should be denied as Petitioner provides no basis to support the claim itself or why it could not have been discovered though reasonable diligence within the statute of limitation.

# Argument

The United States District Court properly dismissed the Petition for Writ of Habeas Corpus as untimely.

Petitioner's direct appeal to the Pennsylvania Superior Court was decided in March 25, 1998.  No Petition for Allowance of Appeal to the Pennsylvania Supreme Court was filed.  No PCRA Petition was filed.

The judgment became final April 24, 1998.

The statute of limitations for filing a habeas corpus expired on April 24, 1999. 28 U.S.C.§ 2244 (d)(1)(A).

Petitioner asserts that when he went back to prison in February 2013, due to a parole violation, another inmate told him his conviction was based on "fraud" and his failure to file in a timely manner should be excused.

The District Court Judge found that the claim raised could have been discovered with reasonable diligence before February 2013. (Memorandum p.5)

Petitioner's first claim that he was not convicted of the DUI offense is patently without merit.  The plea and sentencing orders of the Court of Common Pleas of Bradford County established that Petitioner entered guilty pleas to

Aggravated Assault by Vehicle, DUI related 75 Pa. C.S.§§ 3735.1 and DUI 3731. At sentencing the Court found that the DUI merged with the Aggravated Assault by Vehicle while Driving under the Influence. See *Commonwealth v. Schmohl,* 975 A.2d. 1144 (Pa. Super. 2009) as to the merger. The Court therefore did not impose a separate sentence for the DUI. Petitioner asserts in his brief that the court did not accept his guilty plea. The argument shows a lack of understanding of the doctrine of merger. The conviction for DUI is a predicate offense and lesser included offense of Aggravated Assault by Vehicle while Driving under the Influence and thus no separate sentence is imposed. There is of course a conviction.

Petitioner's other claim, that blood alcohol tests taken at the scene of the accident by EMT personal were suppressed by the Commonwealth, could have been presented on a PCRA or by Federal Habeas Corpus within the appropriate time allowed for filing the Petition if due diligence had been exercised as found by the District Court Judge. Petitioner's counsel suggests that because Petitioner claims there was fraud and nothing on the record disproves it, Petitioner should be given a hearing. This is absurd.

Petitioner does not provide a scintilla of evidence supporting this claim or how he came to know about it. He indicated in his Petition that he learned of it

when he met with a prison paralegal in 2013 but how would a "paralegal" at SCI

Dallas have any knowledge of a Bradford County Aggravated Assault by DUI case

which occurred in 1996. Petitioner provides no specifics of what it is he learned.

The "paralegal" as noted supra was patently in error in advising petitioner that he

was not convicted of the predicate offense of DUI.

The averment that a blood test done from a blood draw by EMT personnel

at the scene of the accident was suppressed by the Commonwealth is

nonsensical. Nothing in the Pennsylvania DUI law authorize the Commonwealth

to request EMT's to draw blood at the scene of an accident. 75 Pa. C.S.§3755

authorizes Emergency Room personnel to draw blood at the request of police.

EMT's are not agents of the Commonwealth. The Commonwealth cannot

withhold evidence that does not exist or that the Commonwealth is unaware of.

Defendant would have had the same access to EMT records as the

Commonwealth. Petitioner's Omnibus Pre-Trial Motion (Appendix Volume II pp

52-60) complained that the Commonwealth did not request a separate blood

sample be preserved (Appendix Volume II p 59). There is no suggestion that any

other blood was drawn.

The Trooper requested copies of the blood test drawn by Emergency Room

personnel for medical purposes which shows a bac of .125 (Appendix Vol. II p.85;

Ethanol 125.46ml) which is set forth in the Affidavit of Probable Cause attached to

the Complaint. (Copy attached to Respondent's Answer filed at the United States

District Court Middle District, copy appended to this Brief). The procedure

complies with 75 Pa. C.S.§3755 and Pennsylvania case law. See *Commonwealth v.*

*Urbanski*, 426 Pa. Super. 505, 627A. 2d 789(1993). (Counsel for Appellee would

note that in 33 years of practice there has never been any case where EMT's drew

blood at an accident scene for any purpose.)

Nothing in Petitioner's original Petition or Argument or attachments

provide any reason Petitioner could not have raised this claim within a year after

the judgement became final. As the United States District Judge stated:

Finally, with respect to Mr. Baker's objection that his petition is timely
because "the statute of limitations accryes [sic] when the fraud is discovered" and
that "it was brought to light on or about June-July of 2013, "the Court agrees with
Magistrate Judge Schwab's conclusion that given the nature of his claims, he
could have discovered the alleged fraud with reasonable diligence before then.
The alleged fraud was that Mr. Baker's counsel; forc[ed}  him to plead to the
§3735.1 offense knowing there was no evidence to support a DUI charge."
(Doc.26,¶ 3.) Although Mr. Baker asserts that "it" was not "brought to light" until
about June-July of 2013," it is unclear based on his submissions what new
information he discovered at this date.[1] "A petitioner is entitled to equitable
tolling only if he shows that (1) he has been pursuing his rights diligently, and (2)
some extraordinary circumstance stood in his way and prevented him from timely
filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Baker's allegations are
insufficient to provide grounds for equitable tolling. See generally *Hedges v.*
*United States*, 404 F.3d 744, 751 (3d Cir.2005) (Equitable tolling is an
extraordinary remedy which should be extended only sparingly.")

---

[1]    In his initial petition (Doc.1), Mr. Baker also asserts that "the fraud was exposed to him by a Paralegal prisoner during the second week of February 2013," without further clarification.

Memorandum (Appendix Volume I p.13)

The District Court's denial of the Petition for Writ of Habeas Corpus is supported by the Memorandum.

## CONCLUSION

The judgment of the United States District Court Judge A. Richard Caputo dismissing the Petition for Writ of Habeas Corpus should be affirmed.

Respectfully Submitted:

/S/  Albert C. Ondrey
Albert C. Ondrey, ESQ.
First Assistant District Attorney
Bradford County

# Appendix

COUNTY OF: **BRADFORD**

**POLICE CRIMINAL COMPLAINT**

Magisterial District Number: 42-3-03

CR-247-96

District Justice Name: Hon.

James POWELL

**COMMONWEALTH OF PENNSYLVANIA**

Address: 701 S. 4th St.
Towanda, Pa. 18848

VS.

Telephone: ( 717 ) 268-5057

DEFENDANT

NAME and ADDRESS

Docket No.: CR-247-96

Ronald James BAKER, W N M

Date Filed: 10/15/96

515 2nd St.
Towanda, PA 18848

OTN: E 690923-2

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B | Defendant's Social Security Number | Defendant's SID |
|---|---|---|---|---|
| ☒ White ☐ Asian ☐ Black ☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female ☒ Male | 01/23/61 | #160520621 | 142-81-28-2 |

| Defendant's A.K.A. | Defendant's Vehicle Information | | | Defendant's Driver's License Number |
|---|---|---|---|---|
| | Plate Number | State | Registration Sticker (MM/YY) | State |
| | J492XJ | NY | | PA   60032700 |

| Complaint/Incident Number | | UCR/NIBRS Code |
|---|---|---|
| P5-351138 | Complaint/Incident Numbers if other Participants | 210 |

District Attorney's Office   ☐ Approved   ☐ Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing
Pa.R.Cr.P. 107.)

I, Tpr. Jeffrey P. SREDENSCHEK
(Name of Attorney for Commonwealth - Please Print or Type)

(Signature of Attorney for Commonwealth)

6666
(Date)

of PA STATE POLICE-TOWANDA STATION
(Identify Department or Agency Represented and Political Subdivision)

PAPSP8500
(Police Agency ORI Number)

(Officer Badge Number/I.D.)

(Originating Agency Case Number G

do hereby state: (check the appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I hav
   therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at   SR 2004 approx 200' north
                                                                       (Place-Political Subdivision)

of SR2006, Towanda Twp

in **BRADFORD** , PA _____ County on or about  09/29/96 approx 1630hrs

Participants were:  (If there were participants, place their names here, repeating the name of above defendant)
   Ronald James BAKER

2. The acts committed by the accused were:
   (Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated
   without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated)

                    SEE PAGE 2 OF 5

                                                    continued page 2

AOPC 412-(6/96)                    1-5

endant's Name.    Ronald James BAKER

Docket Number:    CR-247-96



CRIMINAL COMPLAINT

3 counts  Aggravated Assault by Vehicle while driving under the influence.
Graded as a Felony two(2) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER , Richard BENJAMIN) Sec.3735.1.(a).
To wit: The defendant did negligently cause serious bodily injury
to other persons v.  le the result of a violation of section 3731.

3 counts  Accidents involving death or personal injury while not properly licensed.
Graded as a Felony three(3) (i.e. one count each for Kim BENJAMIN,
Chelsea BRENNER,& Richard BENJAMIN)Sec. 3742.1.(a).
To wit: The defendant was the driver of a vehicle and caused an
accident resulting in injury or death of any person and whose operating
privledge at the time of the accident is canceled,revoked or suspended
pursuant to section 1532 and not restored or who at the time of the
accident had not been issued a valid driver's license.

1 count  Driving Under the Influence of Alcohol.
Graded as a Misdemeanor two(2) Sec. 3731(a)(1)(4)
To wit: the defendant did operate and was in actual physical control
of the movement of a motor vehicle,while under the influence of alcohol
to a degree which renders a person incapable of safe driving and while
the amount of alcohol by weight in the blood of the person is .10% or
greater. BAKERS B.A.C.-.125%

1 count  Reckless Driving.
Graded as a Summary Offense Sec. 3736(a)
To wit: In that the defendant did operate a motor vehicle in a willful
or wanton disregard for the safety of persons or property.


"CONTINUED"

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act
of Assembly, or in violation of

| | Section | Subsection | | PA Statute | counts |
|---|---|---|---|---|---|
| 1. | 3735.1. | (a) | of the | TITLE 75 | 3 |
| 2. | 3742.1. | (a) | of the | TITLE 75 | 3 |
| 3. | 3731 | (a)(1),(4) | of the | TITLE 75 | 1 |
| 4. | 3736 | (a) | of the | TITLE 75 | 1 |

3.  I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have
made. (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed
and sworn to before the issuing authority.)

4.  I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information
and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S.
§ 4904) relating to unsworn falsification to authorities.

_____OCTOBER  15_____, 19 96        TPR. _____
                                              (Signature of Affiant)

AND NOW, on this date ____10/15____, 19 96, I certify that the complaint has been properly
completed and verified. An affidavit of probable cause must be completed in order for a warrant to issue.

___42-3-03___
(Magisterial District)

_____
(Issuing Authority)

SEAL

AOPC 412-(8/96)                    2 - 3

CONTINUATION OF CRIMINAL COMPLAINT          CR-247-96

DEFENDANT;S NAME:  Ronald James BAKER

                                                        COMM OF PA
DOCKET NUMBER:                                          Bradford Co.

        PA VEHICLE CODE TITLE 18
1 count Driving While Operating Privledge is suspended or revoked.
        Graded as a Summary Offense Sec. 1543(a) Second or subsequent
        offense Section 6503.
        To wit: In that the defendant did operate a vehicle on a highway or
        trafficway of this Commonwealth after the commencement of a suspension,
        revocation or cancelltion of the operating privlege and before the
        operating privlege has been restored.
1 count Drivers required to be licensed.
        Graded as a Summary Offense Sec.1501(a)
        To wit: In that the defendant did operate a vehicle on a Commonwealth
        highway without a valid driver's license.
1 count Careless Driving.
        Graded as a Summary Offense Sec.3714
        To wit: In that the defendant did operate a motor vehicle in a careless
        disregard for the safety of persons or property.
1 count Limitations on overtaking on the left.
        Graded as a Summary Offense Sec 3305
        To wit: In that the defendant did drive to the left of the center or
        marked center line of the roadway in overtaking and passing another vehicle
        proceeding in the same direction unless the left side is clearly visible and
        free of oncoming traffic for a sufficient distance, the left side was not
        free of oncoming vehicles and BAKER did hit another vehicle.
1 count Meeting vehicle proceeding in opposite direction.
        Graded as Summary Offense Sec.3302
        To wit: In that the defendant did fail to stay to the right of a
        roadway while proceeding in opposite directions of another vehicle and
        pass to the right.
1 count No-passing zone.
        Graded as a Summary Offense Sec 3307(b)
        To wit: In that the defendant did drive on the left side of the roadway
        within a no-passing zone and attempt to pass vehicles.
1 count Driving on roadways laned for traffic.
        Graded as a Summary Offense Sec 3309(1)
        To wit: In that the defendant did fail to stay as nearly as practicable
        entirely within a single lane and did move from that lane without
        doing so safely.

October 15, 1996

October 15, 1996.

CONTINUATION OF CRIMINAL COMPLAINT

CR-247-96

DEFENDANTS NAME: Ronald James BAKER

COMM OF PA

DOCKET NUMBER:

Bradford Co.

Pennsylvania Consolidated Statues(TITLE 18 Crimes Code)

**3 counts Aggravated Assault.**
Graded as a Felony one(1)(i.e. one each for Kim BENJAMIN,Chelsea BRENNER,&
Richard BENJAMIN)SEC.2702(a)(1)
To wit: In that the defendant did attempt to cause serious bodily
injury to another,or cause such injury intentionally,knoingly or
recklessly under circumstances manifesting extreme indifference to
the value of human life.

**6 counts Recklessly endangering another person.**
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN,
Chelsea BRENNER, Richard BENJAMIN,David SHORES,Fred VANDERPOOL,&
Richard VANDERPOOL) Sec 2705
To wit: In that the defendant did recklessly engage in conduct which
places or may place another person in danger of death or serious bodily
injury.

**3 count Simple Assault.**
Graded as a Misdemeanor two(2)(one count each for Kim BENJAMIN,
Chelsea BRENNER,& Richard BENJAMIN) Sec 2701(a)(1)
To wit: In that the defendant did attempt to cause or intentionally
knowingly or recklessly causes bodily injury to another.

October 15, 1996

October 15, 1996

TPR

| Defendant's Name: | BAKER, RONALD JAMES |
|---|---|
| Docket Number: | CR-247-96 |



**POLICE**
**CRIMINAL COMPLAINT**

## AFFIDAVIT of PROBABLE CAUSE

This officer has been advised by Trooper Christopher Wegrzynowicz that he investigated a three vehicle collision in Towanda Township, Bradford County, Pennsylvania, on September 29, 1996. The said Trooper determined that the collision occurred at approximately 16:30 hrs. He further reported that the Defendant, Ronald J. Baker, was the operator of a White Hyundai automobile bearing New York registration number JU92XJ. Wegrzynowicz further reported that Baker attempted to pass a vehicle operated by Richard Vanderpool in a no passing zone on Glen Road and in the process struck the oncoming vehicle operated by Kimberly Benjamin in a head on manner. Benjamin had two passengers, Chelsea Brence and Richard Benjamin. Baker had a passenger in his vehicle, being David Shores. Vanderpool's vehicle contained one passenger, Fred Vanderpool. Wegrzynowicz reported that Kim Benjamin, Chelsea Brence, and Richard Benjamin were seriously injured. David Shores was also injured in the three car collision.

Mike Thorn, a para-medic for Towanda Hospital, responded to the crash site and treated Baker. Thorn reported Baker emitted a strong odor of an alcoholic beverage. Blood alcohol concentration test results were taken from Towanda Memorial Hospital indicating that Baker had a B.A.C. of 0.128 % after his crash.

An official Penn D.O.T. driver's record showed that Baker was unlicensed and under suspension on September 29, 1996.

I, TPR. JEFFREY P. SREDENSCHEK , BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

TPR. _____
(Signature of Affiant)

Sworn to me and subscribed before me this 15th day of OCTOBER , 19 96 .

10/15/96 Date _____ , District Justice

My commission expires first Monday of January, 2000 .    **SEAL**

AOPC 412-(2/88)

3 - 3

# CERTIFICATE OF SERVICE

I, Albert C. Ondrey, Esq., First Assistant District Attorney Bradford

County, Pennsylvania, certify that I caused to be served on this date a

hard copy of the attached Brief of Appellee via Electronic Case filing,

and/or by causing it to be placed in the U.S. mail, first-class postage

prepaid, in Towanda, Pennsylvania, and/or by commercial overnight

carrier, and/or by hand delivery, addressed to the following:

RONALD JAMES BAKER
Dallas SCI-DC 5930
1000 Follies Road
Dallas, PA 18612

Kenneth M. Weidan III
1600 Barton Springs Road
Austin, Texas 78904

/s/Albert C. Ondrey
ALBERT C. ONDREY
First Assistant District
Attorney

# CERTIFICATION OF BAR MEMBERSHIP
# IDENTICAL TEXT, VIRUS CHECK AND WORK COUNT

I, Albert C. Ondrey, ESQ., First Assistant District Attorney Bradford County, Pennsylvania, certify that:

1.  I am a member in good standing of the bar of this Court;

2. The text of the electronic format of the Brief of Appellee is identical to the hard copy format;

3. A virus check was performed on the Brief of Appellee, using thirty-seven 4 Anti 13.00; last updated December 12, 2013, and no virus was detected;

4. This Brief of Appellee contains less than 14,000 words.

   I make this combined certification under penalty of perjury, pursuant to 28 U.S.C.§ 1746.

/s/Albert C. Ondrey
ALBERT C. ONDREY
First Assistant District Attorney
